1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10 | SHAWN FRANCIS,

11 |            Plaintiff,

CASE NO. C12-6023 RBL-JRC

12 |      v.

ORDER

13 | STEVEN HAMMOND, SARA SMITH, J
DAVID KENNEY, BERNARD WARNER,
14 | BRANDON WELLS, MARTHA HAYES,
WASHINGTON DEPARTMENT OF
15 | CORRECTIONS,

16 |            Defendants.

17

18

       The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local

19

Magistrate Judge Rules MJR1, MJR3 and MJR4.

20

       Plaintiff asks that Court to order that the Washington State Department of Corrections

21

allow plaintiff's counsel to send into the prison a computer disk containing over 8000 pages of

22

discovery (Dkt. 50).  Plaintiff is an incarcerated inmate (Dkt. 50).  The Court is asked to decide

23

between an inmate's right to receive discovery in the manner he chooses and the prison's

24

legitimate penal interests in security and avoiding unnecessary costs.  In this case, the balance

tips in favor of the prison because there are alternative methods of achieving the goal of

plaintiff's participation in his legal action.  Therefore, the Court declines the invitation to alter

normal prison practices or policies regarding security.

Plaintiff argues that review of this material "will facilitate communication with his

attorney regarding discovery" (Dkt. 50).  Plaintiff acknowledges that the Department of

Corrections will allow plaintiff to have the material in paper form.  Thus, plaintiff may obtain the

same level of communication, but it would entail a substantially higher cost to plaintiff (Dkt. 50,

p. 1).

Plaintiff argues that the prison's policy allows for prisoners to have legal disks (*id*.).

Defendants respond, opposing plaintiff's motion and noting that the portion of the policy

allowing for disks involves recordings, not computer disks (Dkt. 53). A simple CD can be played

on a compact disk player and does not involve giving an inmate access to a computer.

In considering this motion the Court is balancing plaintiff's interest in litigating in the

manner they think most efficient against a prison's interest in controlling inmate access to

computers, and in limiting the costs associated with allowing plaintiff access to DVDs.  *See*

*generally Cody v. Weber*, 256 F.3d 764, 770 (8th Cir. 2001) (denying an inmate use of a

computer and right to keep disks in his cell because he could not show actual injury).  Plaintiff is

actually requesting that the prison make a computer available to plaintiff so that he can view over

8000 documents many of which are already in the facility and are available in paper form (Dkt.

53, p. 2).  The Court notes that this is not a denial of discovery as defendants have provided the

information to plaintiff's counsel.  This is an attempt to force a prison to allow an inmate to

possess computer disks and have access to a computer.  If prisoners have no constitutional right

1  to a typewriter they certainly do not have one to a computer. *Taylor v. Coughlin*, 29 F.3d 39, 40

2  (2d Cir.1994); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir.1989); *Am. Inmate Paralegal Ass' v.*

3  *Cline*, 859 F.2d 59, 61 (8th Cir.1988).

4  The Court understands that copying the material and mailing it to plaintiff involves costs.

5  These costs may be mitigated by pairing down the number of documents plaintiff needs to view

6  and by taking advantage of the fact that many of the relevant documents are already at the prison

7  in paper form and plaintiff may request to review them (Dkt. 53, p. 2).

8  The constitutionality of the Department of Corrections' policies regarding mail and legal

9  access were not placed at issue in the complaint (Dkt. 1).  Given that plaintiff can view the

10  discovery in paper form, the Department of Corrections has made a sufficient showing that it has

11  a legitimate penal interest in not making a computer available to a prisoner or allowing

12  CD/DVD's to come into the facility through the mail.  The mail policy does not allow inmates to

13  receive CD/DVDs through the mail (Dkt. 53-1, pp. 24-25).  The stated reasons for the policy are

14  safety and security (Dkt. 53-1, p. 16).  Further the legal access policy cited by plaintiff allows

15  discovery on cassette tapes and does not mention DVDs (Dkt. 52, p 28, VII A. 2.).

16  In his reply, plaintiff argues that defendants have not offered reasonable justification for

17  denying plaintiff access to the material (Dkt. 57).  The prison's policy sets forth the reasons for

18  the policy as safety and security (Dkt. 53-1, p. 16).  "The only question that we must answer is

19  whether the defendants' judgment was rational." *Mauro v. Arpaio*, 188 F. 3d 1054, 1060 (9th

20  Cir. 1999).  The prison's not allowing DVDs into the institution is rationally related to security

21  and safety considerations involving introduction of contraband and the amount of prison

22  resources that would be needed to search the incoming materials and monitor computer usage.

23  The Court finds that these are valid safety and security issues.  Plaintiff has come forward with

24

1  no evidence to show that the stated reasons are not valid.  Once the facility articulates a reason

2  the burden shifts to plaintiff to show that the response is exaggerated.  *Turner v. Safley*, 482 U.S.

3  78, 90-91 (1987).

4       Plaintiff's motion involves access to courts and counsel.  It is the prison or jail official,

5  not the inmate, who choose the manner in which the state fulfills its obligation to provide access.

6  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

7       Defendants argue that plaintiff's request is a discovery request and it is unduly

8  burdensome under Fed. R. Civ. P. 26.  (Dkt. 53).  Plaintiff is seeking to shift the cost of

9  communicating with his counsel to defendants.  The Court finds that plaintiff's costs can be

10  minimized by not having plaintiff look at all the discovery provided.  Further, many of the

11  documents are already at the facility in paper form.   In balancing the issues the Court finds that

12  defendants should not be forced to alter policy or bear additional discovery costs in this case.

13  Accordingly, the Court denies plaintiff's motion.

14       Dated this 25th day of November, 2014.

15

16  J. Richard Creatura

17  United States Magistrate Judge

18

19

20

21

22

23

24

ORDER - 4